TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Latoya Hodge a.k.a Latoya Lilly*

# IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| Latoya Hodge a.k.a Latoya Lilly, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc.; and Barclays Bank Delaware, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, LATOYA HODEG a.k.a LATOYA LILLY, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Fremont, Alameda County, California.

4. Venue is proper in the Northern District of California, Oakland Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Fremont, Alameda County, California.

6. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of California; and

    b. Barclays Bank Delaware ("Barclays Bank") is a foreign corporation that conducts business in the State of California.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GENERAL ALLEGATIONS

7. Barclays Bank is inaccurately reporting its tradeline ("Errant Tradeline") on Plaintiff's Experian credit disclosure with an erroneous scheduled monthly payment amount of $340.00.

8.  The account reflected by the Errant Tradeline was closed.  Plaintiff no longer has an obligation to make monthly payments to Barclays Bank.  This creditor has accelerated the balance due; therefore, Plaintiff no longer has the right nor obligation to satisfy this debt in installment payments.

9. The Errant Tradeline should be reported by Barclays Bank with a scheduled monthly payment of $0.00.  Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On June 18, 2020, Plaintiff obtained her Experian credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous scheduled monthly payment amount.

11. On or about September 28, 2020, Plaintiff submitted a letter to Experian, disputing the Errant Tradeline.  In her dispute letter, Plaintiff explained that she does not owe recurring payments.  Hence, Plaintiff no longer has an obligation

to make monthly payment to Barclays Bank.  Plaintiff asked Experian to fix the error on her credit report.

12. Experian forwarded Plaintiff's consumer dispute to Barclays Bank.

13. Barclays Bank received Plaintiff's consumer dispute from Experian.

14. Plaintiff had not received Experian's investigation results.  Therefore, on November 7, 2020, Plaintiff obtained her Experian credit disclosure, which showed that Experian and Barclays Bank failed or refused to report the Errant Tradeline with a scheduled monthly payment of $0.00.

15. The Errant Tradeline is false and misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff.  The Errant Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have a monthly obligation on a debt when, in fact, there is no such monthly obligation. This causes Plaintiff damage by reducing Plaintiff's opportunities for credit, jobs, and employment.

16. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

4

## __FIRST CAUSE OF ACTION__

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS BANK**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Experian of Plaintiff's erroneous scheduled monthly payment, Barclays Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

19. Barclays Bank negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to report the Errant Tradeline with a scheduled monthly payment amount of $0.00.

20. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

21. As a direct and proximate cause of Barclays Bank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Barclays Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

5

23. Plaintiff has a private right of action to assert claims against Barclays Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Barclays Bank for damages, costs, interest, and attorneys' fees.

## SECOND CAUSE OF ACTION

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS BANK

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Barclays Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

26. Barclays Bank willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Barclays Bank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Barclays Bank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages

6

in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Barclays Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## THIRD CAUSE OF ACTION

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise produced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## FOURTH CAUSE OF ACTION

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise produced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

8

40. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 17, 2021

By: _/s/  Trinette G. Kent_
Trinette G. Kent
Attorneys for Plaintiff,
Latoya Hodge a.k.a Latoya Lilly

9